

Case 4:17-cr-00045-RAJ-RJK   Document 2   Filed 03/10/17   Page 1 of 5 PageID# 2

FILED
MAR 10 2017
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

4:17MJ31

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR THE ISSUANCE OF A COMPLAINT AND ARREST WARRANT

Your Affiant, Liza A. Ludovico, being duly sworn, deposes and states the following:

## TRAINING & EXPERIENCE OF YOUR AFFIANT

1. Your Affiant has been a sworn Special Agent of the Federal Bureau of Investigation for almost 15 years. Your Affiant has been assigned in that capacity as a Special Agent with the Federal Bureau of Investigation (FBI) since July 2002. Your Affiant has conducted numerous criminal investigations of complex violent criminal conspiracies, involving murder in violation of federal statutes including drug trafficking related murders, robberies in violation of the Hobbs Act and murders occurring on federal enclaves. Your Affiant is currently assigned to the Norfolk FBI Peninsula Resident Agency, Newport News, Virginia. In this position, your Affiant is responsible for investigating various crimes, including firearms charges where a firearm has been possessed, brandished or discharged during a federal crime of violence, and other violations of the United States Code.

2. Your Affiant has personally participated in the investigation of the offenses described in this affidavit. As a result of your Affiant's participation in this investigation and a review of reports made to your Affiant by other officers, agents, and detectives involved in the investigation, your Affiant is familiar with the circumstances of this drug robbery/murder investigation. Your affiant has been advised by the federal prosecutors assigned to this matter that drug dealing activity inherently effect interstate commerce and that the robbery and/or murder of a drug dealer during the course of a drug robbery violates Title 18, United States Code, Sections 1951 and 924(j).

3. This affidavit by your affiant does not reveal all the facts and details that are related to this

1



investigation known to your affiant. This affidavit is limited to those facts necessary to provide the probable cause for this complaint against JOSEPH JAMES CAIN BENSON for murder with a firearm in violation of Title 18, United States Code, Section 924(j).

## BACKGROUND OF INVESTIGATION

4. On March 13, 2009, at approximately 4:30 p.m., Louis Edward Joseph, a known drug dealer, was found dead on the back patio of his home located in the Denbigh section of the City of Newport News. Upon arrival, police found that Joseph had been beaten and shot multiple times. Based on interviews with witnesses and police officers, detectives, crime scene investigators and your affiant's own investigation, the following information was learned by your affiant regarding the circumstances of the drug related home invasion/murder of Louis Edward Joseph.

5. Following the report of a murder, crime scene technicians arrived and collected evidence from the scene. They found that the exterior storm door to the front door of the home had been pried open and the front door had been kicked open. Inside the living room, investigators found a broken white outdoor plastic chair. The right arm of the chair was broken off and a crime scene technician found spots of blood on the chair and took samples for DNA testing. A blood trail led from the hallway into the kitchen. The kitchen area and den were open to one another. Additional blood was found in the kitchen and den. The intruders had apparently ransacked the couch and chair located in the den. The door from the den led to the back patio where the victim's body was located. At this back door inside the den, crime scene technicians found a large amount of blood and four .40 caliber shell casings. A quantity of green leafy substance, believed to be marijuana was recovered in the residence. This circumstantial evidence suggests that assailants beat Joseph in the living room and shot him in the den. Joseph then dragged himself just outside of the back door and fell dead on the patio. An autopsy was conducted, in which one bullet was recovered



from the body and one bullet was recovered from the victim's underwear. Joseph died from between five and six gunshot wounds to the torso and thighs. The medical examiner ruled the death a homicide.

6. Your affiant has conducted several witness interviews that stated that prior to the robbery, Joseph was a drug distributor and was targeted initially for a burglary of currency and controlled substances which later became a home invasion drug robbery.

## FACTS AND CIRCUMSTANCES

7. In November 2009, the Virginia Department of Forensic Science found a preliminary match from the blood on the chair at the scene implicated JOSEPH JAMES CAIN BENSON. This linkage was made from a search of the Combined DNA Index System (CODIS) database. Based on this match, Detectives from NNPD arrested BENSON in Boston, Massachusetts on January 12, 2010 for the murder of Louis Joseph. BENSON was then extradited by the Newport News Commonwealth Attorney's Office to Virginia. Due to the complexity of the investigation and the drug related nexus, the homicide was referred to the FBI. Later, the state case against BENSON was nolle prossed.

8. During the arrest of BENSON in Boston, Massachusetts, state law enforcement investigators executed a search warrant on his apartment for evidence related to the homicide and a search warrant for a buccal swab for DNA to confirm the CODIS database results.

9. The DNA buccal swab from BENSON obtained from the state search warrant was submitted to the Virginia Department of Forensic Science. The forensic report stated that BENSON cannot be eliminated as a contributor of the DNA profile developed from a stained swab taken from a plastic chair from the murder scene of Louis Joseph.



10. A state search warrant was executed on a cellular telephone that was seized from BENSON's apartment during the arrest and court authorized search executed by state law enforcement authorities. This search revealed BENSON's phone number and contact list. The investigators obtained through legal process toll records and cellular tower tracking records on BENSON's phone.

11. The telephone analysis showed that prior to the Joseph murder, BENSON was in contact with telephones associated with co-conspirator 1 and co-conspirator 2. Call detail record analysis also revealed that prior to and just after the Joseph murder, BENSON had repeated phone contact with a phone number associated with Greyhound Bus Lines.

12. Through legal process, your affiant obtained Greyhound Bus Line passenger ticket information which revealed that BENSON and co-conspirator 1 travelled together from the Boston, Massachusetts area to the Tidewater Virginia area the day before the homicide. Directly after the homicide, both BENSON and co-conspirator 1 travelled back to Massachusetts. Cellular tower analysis examined on a phone associated with co-conspirator 1 matched the round trip travel route taken by Greyhound Bus Lines. This travel route also matched the round trip ticket itinerary where BENSON and co-conspirator 1 were ticketed passengers.

13. Interviews conducted by your affiant establish that co-conspirator 1, who was from Massachusetts was associated with co-conspirator 2, who was from Williamsburg, Virginia. Co-conspirator 2 was introduced to co-conspirator 1 through a mutual acquaintance before the homicide.



14. Through legal process, your affiant obtained call detail records on a cellular phone associated with co-conspirator 2. Analysis of these records revealed the association of co-conspirator 3 in the home invasion that was planned and executed on the home of Joseph.

15. In the early evening hours, following the homicide, co-conspirator 3 initiated efforts to dispose of both handguns used during the home invasion and murder of Joseph. Both of these handguns were later recovered by your affiant in New York City, New York. A forensic analysis was conducted on these firearms, which linked them to the shell casing recovered from the crime scene and bullets recovered at autopsy.

16. Based on the aforementioned facts, Your Affiant believes probable cause exists for the issuance of an arrest warrant for JOSEPH JAMES CAIN BENSON for Murder with a Firearm in violation of Title 18, United States Code Section 924(j).

Further, Your Affiant sayeth naught.

Liza A. Ludovico, Special Agent
Federal Bureau of Investigation

REVIEWED:

Howard J. Zlotnick
Managing Assistant United States Attorney

Subscribed to and sworn before me this 10th day of March, 2017

Lawrence R. Leonard
UNITED STATES MAGISTRATE JUDGE

At Norfolk, Virginia